GEORGE SCHWARTZ, Respondent, Appellant, v. THE CITY OF NEW YORK, Defendant, Impleaded with BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, Respondent.

Second Department, March 18, 1938.

*Andrew F. Van Thun, Jr.* [*George D. Yeomans* with him on the brief], for the defendant, appellant, respondent.

*Louis E. Schwartz,* for the plaintiff, respondent, appellant.

HAGARTY, J.   This action, to recover damages for personal injuries sustained by the plaintiff as a result of the stumbling and falling

of his horse on the bridle path at the southerly end of Prospect Park, was brought originally against defendant railroad corporation and the city of New York. The action was discontinued as to the city of New York, and the plaintiff recovered a judgment against appellant Brooklyn and Queens Transit Corporation, from which both parties appeal, the plaintiff on the ground of inadequacy of the award and the defendant on the ground that the plaintiff failed to establish a cause of action against it. The plaintiff appeals also from the order denying his motion to set aside the verdict.

The theory of the action as against the appellant railroad is a violation of duty owed to the plaintiff " to keep in repair that portion of the street and public bridle path between its railroad tracks and between the rails of its tracks and two feet in width outside of its tracks," pursuant to section 178 of the Railroad Law, where its railroad track " ran through what is known as Park Circle in the Borough of Brooklyn."

I am of opinion that in a much-used bridle path a depression five to six inches deep by nine to twelve inches wide, extending the width of the bridle path and along the easterly edge of the defendant's street car track, which crossed the bridle path, into which depression plaintiff's horse stepped, causing him to fall, and injuring the plaintiff, does not constitute a violation of the defendant's duty under section 178 of the Railroad Law. It necessarily follows that, by reason of the use of a bridle path, the unpaved surface is disturbed by the action of the horses, and those responsible for its maintenance are not held to the same degree of accountability as are those charged with the upkeep of a highway used by pedestrians or for vehicular traffic. In any event, the photograph, plaintiff's Exhibit 1, taken at the time of the accident, and which, plaintiff says, shows the spot where his horse fell, is at variance with plaintiff's proof as to the dimensions of the depression, and does not disclose a dangerous condition.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs. Plaintiff's appeal from the judgment and order should be dismissed.

CARSWELL, DAVIS and CLOSE, JJ., concur; LAZANSKY, P. J., concurs for reversal but dissents from the dismissal of the complaint and votes for a new trial, with memorandum.

LAZANSKY, P. J. I vote for reversal and a new trial on the ground the verdict was inadequate. Were it not inadequate, the verdict should not be disturbed. The place where plaintiff claims to have been injured was a public place. Under section 178 of the Railroad Law, it was the duty of the defendant railroad company to keep

the place in permanent repair. Whether it fulfilled its duty in this respect, in view of a hole or depression along the entire width of the bridle path and from nine to twelve inches wide, and six inches deep, was a question of fact to be determined by the jury.

Judgment reversed on the law, with costs, and complaint dismissed, with costs. Appeal by plaintiff dismissed.